UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

TWELVE THOUSAND ONE HUNDRED
DOLLARS IN U.S. CURRENCY ($12,100.00);
FIVE(5)CHECKS PAYABLE TO SONG KI HWANG
TOTALING THIRTY THOUSAND DOLLARS IN
U.S. CURRENCY ($30,000.00); AND CERTAIN
REAL PROPERTY LOCATED AT 24465
GLENDA, NOVI, OAKLAND COUNTY,
MICHIGAN TOGETHER WITH ALL OF ITS
FIXTURES, IMPROVEMENTS, AND APPURTENANCES;
                Defendants.
_____/

Civil No. 02-70708
Honorable Gerald E. Rosen
Mag. Judge Paul J. Komives

## **STIPULATED CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE**

NOW COMES the Plaintiff, the UNITED STATES OF AMERICA (hereinafter the "United States" or the "government"), by and through its counsel, STEPHEN J. MURPHY, United States Attorney, and JULIA C. PIDGEON, Assistant United States Attorney, and Claimant SONG KI HWANG by and through his attorney MICHAEL L. DONALDSON, Claimant EUN HI HWANG by and through her attorney TIMOTHY P. MURPHY, and Claimant WASHINGTON MUTUAL BANK, F.A. by and through their attorney, MICHELLE K. CLARK, for TROTT and TROTT, P.C., who enter in to this Stipulation for entry of a Consent Judgment and Final Order of Forfeiture as evidenced by their signatures below, under the terms and conditions hereinafter set forth:

WHEREAS, on March 6, 2001, the Defendant $12,100.00 in U.S. currency was seized from the residence of Song Ki Hwang located at 24465 Glenda, Novi, Michigan pursuant to a federally authorized search warrant;

WHEREAS, on March 6, 2001, the Defendant 5 checks, payable to Song Ki Hwang totaling Thirty Thousand dollars in U.S. currency ($30,000), were seized pursuant to a federally authorized seizure warrant from the home of Song Ki Hwang located at 24465 Glenda, Novi, Michigan. The Defendant 5 checks consist of check number(s) 1048-1051, each written in the amount of $5,000.00, and check number 1047, written in the amount of $10,000.00. Kum Ok Thompson was the payor on all five defendant checks;

WHEREAS, on March 6, 2001, the defendant real property located at 24465 Glenda, Novi, Michigan was titled in the name(s) of Song Ki Hwang and Eun Hi Hwang. The Defendant real property is more particularly described as:

> T1N R8E SEC 22, SALOW'S WALNUT HILL NO 2 SUB, LOT 76, as recorded at Liber 86, Page 17 of Plats, Oakland County Records.

Parcel ID No: 22-22-301-038

WHEREAS, a Complaint for Forfeiture in this matter was filed on February 25, 2002, by the United States alleging that the Defendant $12,100.00 in U.S. currency, Defendant 5 checks payable to Song Ki Hwang and totaling $30,000.00 and the Defendant real property located at 24465 Glenda, Novi, Michigan (together the "Defendant Properties") were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or (C);

WHEREAS, on or about March 19, 2002, Song Ki Hwang filed a claim to all of the

Defendant Properties;

WHEREAS, on or about March 28, 2002, Eun Hi Hwang filed a claim to the Defendant real property located at 24465 Glenda, Novi, Michigan;

WHEREAS, on or about March 21, 2002, Washington Mutual Bank, F.A. filed a claim to the Defendant real property located at 24465 Glenda, Novi, Michigan, based on a mortgage dated August 17, 1998, and recorded on September 15, 1998, at Liber 18949, Page 861, Oakland County Records;

WHEREAS, the Court entered a Default Judgment Of Forfeiture on July 3, 2002, defaulting any interest that Kum Ok Thompson may have as payor in the Defendant 5 checks payable to Song Ki Hwang and totaling $30,000; and

WHEREAS, the Court entered a Stipulated Order Staying Civil Proceedings on April 29, 2002, staying these civil forfeiture proceedings;

WHEREAS, on November 15, 2005, Song Ki Hwang entered into a Plea Agreement whereby he agreed to forfeit all personal and real property obtained through money laundering proceeds and to transfer, prior to sentencing, to the United States all other personal or real property received as a result of money laundering.

WHEREAS, on March 23, 2006, Song Hwang (a married man) transferred his interest in the Defendant real property to the United States of America via a Quit Claim Deed which was recorded with the Oakland County Registrar of Deeds on September 28, 2006, in Liber 38178, Page 636.

WHEREAS, Song Ki Hwang was sentenced in criminal case number 05-80209 on

3

August 17, 2006.

WHEREAS, the parties are aware of their respective rights in this matter;

WHEREAS, the parties wish to resolve this matter without further litigation and expense; and

WHEREAS, no additional claims have been filed and the time for filing such pleadings has expired.

NOW, THEREFORE, IT IS HEREBY agreed upon by the parties, the UNITED STATES OF AMERICA, by and through its counsel, STEPHEN J. MURPHY, United States Attorney, and JULIA C. PIDGEON, Assistant United States Attorney, and Claimant SONG KI HWANG by and through his attorney MICHAEL L. DONALDSON, claimant EUN HI HWANG by and through her attorney TIMOTHY P. MURPHY, and claimant WASHINGTON MUTUAL BANK, F. A. by and through their attorney, MICHELLE K. CLARK, for TROTT and TROTT, P.C., to the following:

1. This is an in rem civil forfeiture action brought pursuant to 18 U.S.C. §§ 981 (a)(1)(A) and/or (C).

2. The Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §§ 1345, 1355 and 1395.

3. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for the seizure of the Defendant $12,100.00 in U.S. currency, Defendant 5 checks payable to Song Ki Hwang and totaling $30,000.00 and real property located at 24465 Glenda, Novi, Michigan as provided in 28 U.S.C. § 2465, and the position of the United

States in this action was substantially justified as is set forth in 28 U.S.C. § 2412.

4. Claimant SONG KI HWANG agrees to withdraw his claim to the Defendant Properties.

5. Claimant EUN HI HWANG agrees to withdraw her claim to the Defendant real property located at 24465 Glenda, Novi, Michigan.

6. Claimant WASHINGTON MUTUAL BANK, F. A. agrees to withdraw its claim to the Defendant real property located at 24465 Glenda, Novi, Michigan.

7. That no provision of this Consent Order shall affect the validity, extent or enforceability of the Mortgage dated August 17, 1998, and recorded at Liber 18949 Page 861, Oakland County Records.

8. That no provision of this consent order will affect Washington Mutual's right to foreclose the subject property and take full title to the same upon expiration of redemption, in the event of default under the terms of the mortgage.

9. The UNITED STATES agrees to the **DISMISSAL** of the above-captioned action against the defendant real property, with prejudice under the following conditions: that if and when the defendant real property is sold or refinanced that, after satisfaction of the mortgage debt, the net sale proceeds or equity due the seller or mortgagor be distributed with fifty percent (50%) disbursed to the United States and declared as **substitute res** for defendant real property and **forfeited** to the United States of America with the remaining fifty percent (50%) to be disbursed to claimant Eun Hi Hwang. The sale or refinancing of the defendant property shall be subject to the prior approval and agreement of the United States, acting through the U.S.

Marshal's Service.  Payment to the United States shall be made via certified check or money order and payable to the United States Marshals Service and shall be mailed to the Asset Forfeiture Unit at the U.S. Department of Justice, 211 W. Fort Street, Suite 2001, Detroit, Michigan 48226.

10. Upon entry of this Stipulation, the UNITED STATES shall prepare and file a Discharge of Notice of Lis Pendens and Withdrawal of Affidavit Relating to Matter Affecting Title to Realty, releasing the Defendant Property from any further claim by the UNITED STATES in connection with this case.

11. The Stipulated Stay of Proceedings shall by lifted.

12. The Defendant 5 checks payable to Song Ki Hwang and totaling $30,000.00 shall be **DISMISSED** from the civil forfeiture complaint.

13. Claimants, SONG KI HWANG, EUN HI HWANG and WASHINGTON MUTUAL BANK, F. A. agree that the Defendant $12,100.00 in U.S. currency plus any interest accrued since the date of seizure shall be **FORFEITED** to the United States of America pursuant to 18 U.S. C. §§ 981(a)(1)(A) and/or (C).  Further, any right, title or interest of SONG KI HWANG, EUN HI HWANG and WASHINGTON MUTUAL BANK, F. A. their successors and assigns, and any right, title and ownership interest of all other persons in the Defendant $12,100.00 in U.S. currency plus any interest accrued since the date of seizure is hereby and forever, **EXTINGUISHED** and that clear title to said Defendant $12,100.00 in U.S. currency plus any interest accrued since the date of seizure shall hereby be **VESTED** in the United States of America, and the United States Marshals Service is **AUTHORIZED** to dispose of the

Defendant $12,100.00 in U.S. currency plus any interest accrued since the date of seizure according to law.

14. Claimants SONG KI HWANG, EUN HI HWANG and WASHINGTON MUTUAL BANK, F. A further agree to release, remise and forever discharge the plaintiff, United States of America, and its agents, officers, employees, past and present, and all other persons, including but not limited to any individual local law enforcement officers or departments or agencies assisting in any manner in the facts, events and circumstances giving rise to the complaint filed herein, from all claims or causes of action which claimants, and his agents, officers, employees, past and present, and which claimants and their assigns, agents, officers employees and successors in interest hereafter can, shall or may have for, or on account of the incidents or circumstances giving rise to the above-captioned action.

15. SONG KI HWANG, EUN HI HWANG and a representative from WASHINGTON MUTUAL BANK, F. A. have discussed this settlement with their respective counsel and each is aware of their respective rights in this matter. The parties agree that each party shall bear its own costs and attorneys fees in this matter.

**WHEREFORE**, the parties stipulate to entry of the following Order.

s/JULIA C. PIDGEON
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313)226-9717
julia.pidgeon@usdoj.gov
Penna. Bar Lic.37949
Dated: June 2, 2008

s/with consent of MICHAEL L. DONALDSON
Attorney for Claimant Song Ki Hwang
31564 Schoolcraft
Livonia, MI 48150
(734)261-8140
chipper31@ameritech.net
P35780
Dated:May 21, 2008

s/with consent of Song Ki Hwang, Claimant
Dated: May 18, 2008

s/with consent of TIMOTHY P. MURPHY
Attorney for Claimant Eun Hi Hwang
20816 E. Eleven Mile Road, Ste. 111
Saint Clair Shores, MI 48081
(586)779-8416
timothypmurphy@ameritech.net
P25941
Dated: May 12, 2008

s/with consent of MICHELLE K. CLARK
Attorney for Washington Mutual Bank, F.A.
30400 Telegraph Road, Ste. 200
Bingham Farms, MI 48025
(248)642-2515
mclark@trottlaw.com
P55841
Dated: May 7, 2008

s/ with consent ofEun Hi Hwang
Claimant

Dated: May 7, 2008

s/with consent of Washington Mutual Bank, F.A.
Claimant

Dated: April 28, 2008

## CONSENT JUDGMENT AND FINAL ORDER

**IT IS SO ORDERED:**

                                                s/Gerald E. Rosen
                                                HONORABLE GERALD E. ROSEN

Dated:    June 24, 2008                   United States District Court